**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ONEWEST BANK FSB,** ) | Case No. **1:09 CV 2301** |
| ) | |
| Plaintiff, ) | Judge **Dan Aaron Polster** |
| ) | |
| vs. ) | <u>**ORDER OF REMAND**</u> |
| ) | |
| **PATRICIA BRADFORD,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

On October 6, 2009, Defendants removed this holdover tenant eviction action from the Shaker Heights Municipal Court. According to the Complaint and the attached documents, Defendants are tenants under a lease at 20933 Shelburne Road, Shaker Heights, Ohio 44122. Plaintiff Onewest Bank purchased the home at a Sheriff's Sale on April 27, 2009 after a foreclosure action against Defendants' landlord. Onewest Bank served Defendants with the statutory Notice to Leave Premises on August 31, 2009, and Defendants have not vacated the premises as directed. In their notice of removal, Defendants recite that they seek to raise two defenses based on federal law: "the effect of the Helping Families Save Their Homes Act of 2009 on their continued tenancy, particularly Section 702, and whether plaintiff is a valid purchaser of the leasehold pursuant to any enumerated permission for federally chartered banks purchase and holding of real estate expressed at 12 USC Section 29." *ECF No. 1* at 1. For the reasons set forth below, the Court is *sua sponte* remanding this case to the Shaker Heights Municipal Court.

While their Notice of Removal does not include a statutory basis, Defendants presumably are seeking to invoke federal question jurisdiction pursuant to 28 USC Section 1441(b). That provision, however, only permits removal if the districts have original jurisdiction

of the action because it is "founded on a claim or right arising under the . . . laws of the United States." Onewest Bank's eviction action is brought under Ohio law, and could not have been filed in federal court. The fact that Defendants wish to assert a defense based on federal law does not confer jurisdiction over the case upon a federal court. Defendants are of course free to raise whatever defenses they wish in Shaker Heights Municipal Court, including those based upon federal law.

In addition, the Court has reviewed the two statutes cited by Defendants in their Notice of Removal. The first, Section 702 of the Helping Families Save Their Homes Act of 2009 presumably refers to the Protecting Tenants at Foreclosure Act of 2009. Section 702 expressly applies only to foreclosures on residential property that occur after the date of enactment of the statute, which was May 20, 2009. Onewest Bank FSB acquired the property at a Sheriff's Sale on April 27, 2009, and the foreclosure was prior to that date. Accordingly, the provisions of Section 702 do not appear to apply to this case. The second statute cited by Defendants, 12 USC Section 209, enumerates a national banking association's power to hold real property. Defendants apparently contend that this provision does not confer authority to Onewest Bank FSB to purchase property such as 20933 Shelburne Road, Shaker Height, Ohio. The Court does not know if this federal statute has anything to do with Onewest Bank FSB's purchase of this property, or whether Defendants have standing to raise any objection at this point to a Sheriff's Sale that took place more than five months ago. What is apparent is that none of these speculative defenses transforms this case into one which Onewest Bank FSB could have brought in federal court, and which Defendants would therefore have a right to remove.

Accordingly, this case is hereby remanded to the Shaker Heights Municipal Court.

**IT IS SO ORDERED.**

       */s/Dan Aaron Polster    October 9, 2009*
**Dan Aaron Polster**
**United States District Judge**